IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ARANSAK KEOVIXAY, § | |
|     Petitioner, § | |
| § | |
| v. § | Civil Action No. 3:06-CV-0277-L |
| § | (Consolidated with No. 3:06-CV-0278-L) |
| NATHANIEL QUARTERMAN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
|     Respondent. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. BACKGROUND

**A. NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

**B. PARTIES**

Petitioner Larry Keovixay, TDCJ-ID #1190047, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently housed at the Connally Unit.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**C. FACTUAL AND PROCEDURAL HISTORY**

On September 5, 2003, a jury found Keovixay guilty of murder (cause number F-0253085-LQ) and aggravated assault with a deadly weapon (cause number F-0273112-LQ) in the 204th

Judicial District Court of Dallas County, Texas, and assessed his punishment at 75 years' and 20 years' confinement, respectively. (1Clerk's R. at 37; 2Clerk's R. at 29.)[1] Keovixay appealed his convictions, but the Fifth District Court of Appeals affirmed the trial court's judgments, and the Texas Court of Criminal Appeals refused Keovixay's petitions for discretionary review. *Keovixay v. Texas*, Nos. 05-03-01407-CR & 05-03-01408-CR, slip copy (Tex. App.–Dallas July 9, 2004) (not designated for publication); *Keovixay v. Texas*, PDR Nos. 1208-04 & 1209-04. Keovixay did not seek postconviction state habeas relief. (Petition at 4.) *See s*tate court case information, *available at* http://www.cca.courts.state.tx.us. By and through counsel, Keovixay filed the instant petitions challenging each of his convictions on February 14, 2006.[2]

**D. ISSUES**

In his sole ground for relief on each conviction, Keovixay raises a *Batson* claim.

**E. RULE 5 STATEMENT**

Although Quarterman does not address the issue, Keovixay has sufficiently exhausted his claim as required by 28 U.S.C. § 2254(b)-(c).

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

---

[1] "1Clerk's R." refers to the trial court record in cause number F-0253085-LQ; "2Clerk's R." refers to the trial court record in cause number F-0273112-LQ.

[2] A prisoner represented by counsel in a habeas corpus proceeding is not entitled to the benefit of the so-called "mailbox rule." *Counsin v. Lensing*, 310 F.3d 843, 847-49 (5th Cir. 2002).

Under 28 U.S.C. § 2254(d), as amended by AEDPA, a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

The Act further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III. *BATSON*

Keovixay contends his constitutional rights under *Batson v. Kentucky*, 476 U.S. 79 (1986), were violated by the state's racially motivated peremptory strike against venireperson Sanders, a prospective African-American juror, on discriminatory grounds. (Petition at 6; Pet'r Memorandum in Support at 4-7.)

3

In *Batson*, the Supreme Court outlined the methodology for evaluating a claim that jurors were improperly stricken based on their race. Initially, the defendant must make a prima facie showing that the challenged strike has been employed in a racially discriminatory manner. Once this showing has been made, the burden shifts to the prosecutor to articulate a race-neutral explanation for the strike. The trial court then must determine whether the defendant has rebutted the prosecutor's explanation and established purposeful racial discrimination. 476 U.S. at 93-98.

Under Texas law, one method of rebutting a prosecutor's explanation is by showing disparate treatment of similarly situated jurors. *See Whitsey v. Texas*, 796 S.W.2d 707, 713 (Tex. Crim. App. 1989). Toward that end, a defendant may show that the state struck minority venirepersons who gave answers similar to nonminority venireperson the state did not strike. *See Johnson v. Texas*, 959 S.W.2d 284, 292 (Tex. App.–Dallas 1997, pet' ref'd). In this case, Keovixay claims the state engaged in disparate treatment of similarly situated jurors by striking Sanders but not a non-African American who expressed the same sentiment–i.e., the desire that the state produce the murder weapon. (Pet'r Memorandum in Support at 6)

The prosecutor stated the following reasons for striking Sanders:

> Your Honor, with respect to juror number seven, Ms. Sanders, she indicated that she would really – she would want the murder weapon. And if the State didn't have that, we would really need to prove our case to her in the event that the murder weapon was not brought to trial as a piece of evidence.
> Ms. Sanders was also wearing a very large peace sign necklace around her neck. Those are the reasons that the State struck juror number seven Ms. Sanders.
> . . . (Reporter's R., vol. 3, at 106)

The trial court found the strike to be valid. (*Id.* at 107) In turn, the Fifth Court of Appeals, in the last reasoned opinion on the issue, determined the reasons given by the prosecutor were race-neutral. *Keovixay*, Nos. 05-03-01407-CR & 05-03-01408-CR, slip copy, at 5. Further, the court

noted that when the state offers numerous race-neutral reasons for challenging a venireperson, the fact that other venirepersons possessed one or more of the objectionable attributes is not sufficient to establish disparate treatment. *See Cantu v. Texas*, 842 S.W.2d 667, 689 (Tex. Crim. App. 1992). Because the state struck Sanders based on two objectionable attributes, the court determined Keovixay failed to prove the state exercised the strike in a discriminatory manner.

As previously noted, a federal court's review of state court findings is sharply circumscribed under § 2254, which requires us to accept as correct a determination of a factual issue by a state court unless the habeas petitioner rebuts the state court's finding by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 338-39 (2003). If Keovixay satisfied step one of the *Batson* framework, and the state continued through step two by offering race-neutral explanations for the strike of Sanders, the question is whether Keovixay has carried his burden to prove purposeful discrimination. *See Hernandez v. New York*, 500 U.S. 352, 358-60 (1991).

Keovixay contends, without explanation or evidentiary support, that the proffered reasons were pretextual and allows the state to "hide blatant racism under the cloak of a neutral reason." (Pet'r Memorandum in Support at 6) However, the reasons given by the prosecutor were facially race-neutral and supported by the record. Moreover, the trial court, based on its observation of the prosecutor during voir dire, apparently found the prosecutor's explanation credible. A trial court's finding on the issue of discriminatory intent is based largely on its evaluation of a prosecutor's demeanor and credibility and is presumed correct in the absence of clear and convincing evidence to the contrary. *See Miller-El*, 537 U.S. at 339-40. Deferring to the trial court's credibility determination, Keovixay's mere assertions, without more, fail to demonstrate by clear and

5

convincing evidence that the state courts' determination of the issue is unreasonable or that the factual premise was incorrect. *See id.*; *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

## IV. RECOMMENDATION

Keovixay's petition for writ of habeas corpus should be DENIED.

SIGNED on this 9th day of April, 2008.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE